IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

APR 21 2009
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| CLAUDE LANE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:08-CV-467-A |
| | § | |
| JESSE MANNING, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION
## and
## ORDER

Came on for consideration the motion to dismiss the claims of plaintiff, Claude Lane, filed in the above-captioned action by defendant, Jesse Manning. Having considered defendant's motion, plaintiff's response, defendant's reply, plaintiff's complaint, and applicable authorities, the court concludes that the motion should be granted.

I.

### Plaintiff's Complaint

Plaintiff instituted this action by a complaint pursuant to 42 U.S.C. § 1983 filed on August 8, 2008, against Detective Jesse Manning of the Arlington Police Department. Under the heading "Statement of Claim" plaintiff alleges that:

> Detective Jesse Manning #1586 Arlington Police Department, held me in detainment numerous hours before arrest. On my moms property for hours before me or my

> mom, Martha Marie Lane ever got there, blocking the back of the house where the garage is located. Never telling that I was being charge with a sexual offense. And taken to the police station, and brought back to my mom's house. I arrive at the house around 6:30 pm or 7:00. Neighbors said the police had been there every since 2:45 pm to 3:00 pm that same day with no one home. It supposedly happen in the garage area. My complaint is it took them 2:50 am to get a search warrant an a arrest warrant. I wasn't allow to go in my house to use a restroom. I was on the front porch for hours in front of my neighbors.

Pl.'s Compl. at 4. Plaintiff seeks by way of relief "compensation in excess of actual damages of reputation 15 million dollars."[1] Id.

II.

Grounds of the Motion

Defendant maintains that the complaint should be dismissed for failure to state a claim upon which relief can be granted because plaintiff has failed to state sufficient factual specificity to overcome defendant's qualified immunity defense, and because plaintiff's claims call into question the validity of his conviction and current sentence and are barred by Heck v. Humphrey, 512 U.S. 477 (1994).

---

[1] The court takes judicial notice that plaintiff on August 27, 2008, was convicted of sexual assault and sentenced to life imprisonment.

2

III.

Applicable Legal Standards

The standards for deciding a motion to dismiss for failure to state a claim are well-settled. The court's task is to determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In Conley v. Gibson, 355 U.S. 41 (1957), the Supreme Court said that a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46. However, the Supreme Court has held that it did not quite mean its "no set of facts" statement in Conley. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 562-63 (2007) (stating that the Conley "no set of facts" statement "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival," at 563).

In evaluating whether the complaint states a viable claim, the court construes the allegations of the complaint favorably to the pleader. Scheuer, 416 U.S. at 236. However, the court does not accept conclusory allegations or unwarranted deductions of

3

fact as true. <u>Bell Atlantic</u>, 550 U.S. at 555 (stating that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (citations, brackets, and quotation marks omitted)); <u>Tuchman v. DSC Communications Corp.</u>, 14 F.3d 1061, 1067 (5th Cir. 1994); <u>Guidry v. Bank of LaPlace</u>, 954 F.2d 278, 281 (5th Cir. 1992). On a motion to dismiss for failure to state a claim, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

IV.

Analysis

A.   <u>Plaintiff's claim is not barred by Heck.</u>

Under the Supreme Court's holding in <u>Heck</u>, if success for plaintiff in his § 1983 suit would challenge the constitutionality of his conviction, and he is unable to show that the conviction has been reversed, expunged, invalidated, or called into question by the issuance of a habeas writ, the court may dismiss the complaint. <u>Heck</u>, 512 U.S. at 486-87. However, if

4

the court concludes that plaintiff's § 1983 action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed. Id. Here, as best the court can determine, plaintiff asserts a claim of unlawful detention. Such a claim does not necessarily void a subsequent conviction. See Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995). Accordingly, Heck does not bar plaintiff's claim.

B.  Defendant is entitled to qualified immunity.

Qualified immunity insulates a government official from civil damages liability when the official's actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). For a right to be "clearly established," the right's contours must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). Individual liability thus turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law at the time. Hunter v. Bryant, 502 U.S. 224, 228 (1991); Anderson, 483 U.S. at 639-40. In Harlow, the court explained that a key question is "whether that law was

5

clearly established at the time an action occurred" because "[i]f the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." 457 U.S. at 818. In assessing whether the law was clearly established at the time, the court is to consider all relevant legal authority, whether cited by the parties or not. Elder v. Holloway, 510 U.S. 510, 512 (1994). If public officials of reasonable competence could differ on the lawfulness of defendant's actions, the defendant is entitled to qualified immunity. Malley v. Briggs, 475 U.S. 335, 341 (1986); Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir.), cert. denied, 506 U.S. 973 (1992).

In analyzing whether an individual defendant is entitled to qualified immunity, the court considers whether plaintiff has alleged any violation of a clearly established right, and, if so, whether the individual defendant's conduct was objectively reasonable. Siegert v. Gilley, 500 U.S. 226, 231 (1991); Duckett v. City of Cedar Park, 950 F.2d 272, 276-80 (5th Cir. 1992). A mistake in judgment does not cause an officer to lose his qualified immunity defense. In Hunter, the Supreme Court

6

explained:

> The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." Malley, [475 U.S.] at 343. . . . This accommodation for reasonable error exists because "officials should not err always on the side of caution" because they fear being sued. . . .

502 U.S. at 229.

Defendant contends that plaintiff has failed to assert a violation of a constitutional right. The court disagrees. Insofar as the court can discern, plaintiff's only specific factual allegations against defendant could be construed as a claim of unlawful detention in violation of the Fourth Amendment.[2] Plaintiff's other allegations are either too generalized and non-specific as to defendant, or they fail to allege any violation of a constitutional right.

The court concludes, however, that defendant's conduct was objectively reasonable--that officers of reasonable competence could differ on the lawfulness of defendant's actions, thus entitling him to qualified immunity. Malley, 475 U.S. at 341.

---

[2] To the extent plaintiff attempts to assert a violation of his Fifth Amendment privilege against self-incrimination through his conclusory allegation of "hours of public interrogation" without a warrant, Pl.'s Compl. at 3, he fails to state a constitutional violation. The Fifth Amendment proscribes self-incrimination in a criminal case. Police questioning prior to the initiation of legal proceedings--even compelled interrogation--does not itself constitute a Fifth Amendment violation. See Chavez v. Martinez, 538 U.S. 760, 766-67 (1994). Plaintiff makes no allegation that any statements he made during such interrogation were used against him in a criminal trial.

Plaintiff claims that defendant detained him for hours before obtaining a search warrant and arrest warrant. The Supreme Court has upheld the lengthy detention of a home's occupants incident to a search of those premises. See Muehler v. Mena, 544 U.S. 93 (2005)(three to four hour detention); see also Michigan v. Summers, 452 U.S. 692 (1981)(no constitutional violation where officers detained occupant on sidewalk in front of his home and required him to remain in the house until evidence establishing probable cause to arrest him was found). Plaintiff does not allege that defendant detained him through force, restraints, or other physical intervention, or that he suffered physical pain as a result of the detention, or that he was lured from his home on false premises, nor does plaintiff allege that defendant did not have probable cause to detain or eventually arrest him.[3] Further contributing to the objective reasonableness of defendant's conduct is a footnote in Summers, wherein the Supreme Court left open the possibility that "comparable police conduct [detaining resident incident to search] may be justified by exigent circumstances in the absence of a warrant." 452 U.S. at 702 n.17. See also Segura v. United States, 468 U.S. 796, 798 (1984)(no

---

[3] As discussed previously, plaintiff was subsequently convicted of sexual assault and sentenced to a term of life imprisonment.

8

Fourth Amendment violation where agents detained residents and secured their residence for nineteen hours while obtaining a warrant). On these facts, the court concludes that officers of reasonable competence could differ on the lawfulness of defendant's actions, and that he is thus entitled to qualified immunity on plaintiff's claims.

V.

Order

For the reasons stated herein,

The court ORDERS that the motion of defendant, Jesse Manning, to dismiss, be, and is hereby, granted, and that all claims and causes of action brought by plaintiff, Claude Lane, against defendant be, and are hereby, dismissed with prejudice.

SIGNED April 21, 2009.

_____
JOHN McBRYDE
United States District Judge